## STEPHEN RAND *versus* ROBERT SARGENT.

If an officer, having a writ in his hands, goes to the debtor, and finding him in the actual possession of goods, informs him that he is directed to make an attachment thereof, and shall do so, but does not in fact interfere with the goods or take them into his custody, and the debtor informs the officer that the goods belong to a third person and not to him, but still procures one, other than the owner, to give a receipt therefor to the officer; this does not amount to such conversion of the goods by the officer as will enable the owner to maintain action of trover therefor against him.

TROVER for a pair of oxen.

A witness called by the plaintiff testified, that the oxen were purchased by the plaintiff, and left in the possession of the witness, subject to the call of the plaintiff; that while they were so in the personal care of the witness, the defendant said to him, that he had a precept against him, with orders to attach those oxen as his property; that he informed the defendant, that they were not his property, but belonged to the plaintiff; that the defendant replied, that he was indemnified, and instructed to attach them on a writ against the witness: "that the defendant than suggested the expediency of procuring a receipter for the oxen, to which witness assented, and they thereupon left the oxen, and went together to Aaron Nickerson, who receipted for them; that said oxen were not taken from the sled, or in any way interfered with by the defendant, except by saying he must attach them, and did attach them as aforesaid; and that the oxen have since remained in the possession of the witness." After the witness had testified, the testimony was turned into a statement of facts. There was nothing in the case to show, whether any return was . or was not made upon the writ by the defendant of an attachment. It was agreed that such judgment should be rendered by the Court, on the statement, as the law required.

*J. Williamson*, for the plaintiff, contended that when property was attached, that the officer became a trespasser by the act, unless he could justify himself by the precept under which he acted. It is the attachment of the property, which constitutes a conversion of it; and it is immaterial, whether he

Rand *v.* Sargent.

makes a return upon the writ, or not. 7 Johns. R. 254; 8 Wend. 610; 10 Wend. 110.

*Crosby*, for the defendant, said here was not the slightest intermeddling with the property. It was a mere statement that he would take the oxen unless something should be done. The taking of a receipt for the property does not constitute an attachment. There has been no act done from which a conversion can be inferred. *Boynton* v. *Willard*, 10 Pick. 168; *Lathrop* v. *Cook*, 14 Maine R. 414.

The opinion of the Court was drawn up by

WHITMAN C. J. — The oxen alleged to have been converted by the defendant to his own use, were never actually in his possession. He merely said to the person having them in custody, and who was alleged to be the debtor in the precept, which the defendant had in his possession for service, that he was ordered to attach them as his property, and must do so, and that he did attach them; and thereupon the alleged debtor procured a person, not being the plaintiff, to give a receipt for them, stipulating to deliver them to the defendant, as usual in cases of attachment of personal property on mesne process. It does not appear that the defendant ever returned them as attached on his precept. If he had, in the case of *Boynton* v. *Willard*, 10 Pick. 166, Mr. Justice Wild, in delivering the opinion of the Court, even in the case of the return by an officer of an attachment of property, says, "we think, therefore, that it cannot be maintained, as a proposition universally true, that the return of an attachment of personal property conclusively proves the taking, so as to subject the officer to an action of trespass." It is undoubtedly true, as laid down in the elementary works cited, that the slightest actual interference, disturbing another in his enjoyment of the possession of his property, unlawfully, is a trespass. But the defendant in this case never for a moment disturbed the possession of the person having the oxen in custody.

The plaintiff relies mainly upon the authority of the cases of *Bristol* v. *Burt*, 7 Johns. 254, and *Phillips & al.* v. *Hall*

*&. al.* 8 Wend. 610, as supporting the action. In the former, a customhouse officer had placed armed men near a store, in which the plaintiff's goods were stored, and forbade the removal of them ; and caused them, against the will of the plaintiff, to be detained for months. This was clearly a tortious conversion. The customhouse officer had taken them under his own control, and had excluded the owner from any exercise of dominion over them. There could be no doubt in such case, that trover would well lie against the defendant, the customhouse officer, he having no justifiable cause for the interference. In the latter case, the owner of goods in a store had been induced to procure receipters for them, who undertook to have them forthcoming or to pay a certain sum, being the amount necessary to discharge a debt due from one not the plaintiff, as whose, the defendant, an officer, had claimed a right to attach them. The owner had undertaken, of course, to indemnify the receipters. The Court held that, being so bound, he was entitled to recover of the officer the amount, which the receipters were under obligation to pay him.

The case at bar is very distinguishable from either of these ; from the first, as the defendant here never interrupted the possession of the plaintiff, or his agent, for a moment; and from the last, inasmuch as the plaintiff did not procure the receipters and was not, so far as appears, liable to them in any event. It was the debtor, named in the process, who had procured the receipters, and who, for aught that appears, was alone answerable to them for any loss arising from their liability. And it was his possession alone, if of any one, which had been disturbed. The plaintiff's rights were in nowise affected to his injury. The oxen remained where he had placed them ; and he could at any time resume his actual possession of them. They were, according to the testimony of his witness, at his control. To allow him, under such circumstances, to recover the value of them, or the amount for which the receipters stood responsible, would be to allow him to keep his oxen, and yet to recover pay for them of the defendant.

But, as the law in Massachusetts, before separation, and in Maine, ever since, has been holden to be, even receipters for goods attached, not claiming property in themselves, may, in defence, show, that the same were not the property of the person as whose they were attached, and that they had been reclaimed, and taken possession of by the rightful owner. Hence the receipters in this case were in no danger of being rendered liable, even if they had been procured by the owner of the oxen ; and so no damages could have accrued to him, he not having been divested of the possession of them. *Learned* v. *Bryant*, 13 Mass. R. 224. The consideration for their undertaking would have utterly failed.

Plaintiff therefore, according to the agreement of the parties, must become nonsuit.